This is a motion to set aside a judgment upon the ground of excusable neglect.
The summons was issued and served 9 March, 1910, returnable to a term of court beginning the first Monday after the first Monday in March, 1910. The complaint was filed 31 May, 1910.
At March Term, 1912, no answer having been filed, judgment by default and inquiry was entered against the defendant, but the judgment was not signed until January Term, 1913. *Page 546 
(494) On 11 April, 1913, the defendant filed an affidavit in the action, and moved for and obtained a restraining order thereon.
On 21 August, 1913, the defendant filed his affidavit, which is the basis of his motion.
His Honor found, among other things, that defendant W. T. Justice forgot who the parties were and got the impression that the case was James J. Bailey v. W. T. Justice. That there does not appear that there was any such case as James J. Bailey v. W. T. Justice. That the defendant appeared at the office of the clerk at the return term of the summons, and several times thereafter in and out of term, and inquired if there had been any complaint filed against him in the case of James J. Bailey v. W. T. Justice; that there is uncontradicted evidence that defendant has been, prior to the commencement of the claim, vigilant in attending to his matters in the courts, and there is evidence tending to show that defendant has a meritorious defense to this action.
The motion was denied, and the defendant appealed.
The summons is irregular, in that it was made returnable to a term of court convening within less than ten days from the date of its issue (Scottv. Jarrell, ante, 364), but the defendant cannot avail himself of this objection, because he appeared in the action and moved for a restraining order. Scott v. Life Assn., 137 N.C. 517; Grant v. Grant, 159 N.C. 531.
The facts found by his Honor are not as favorable to the defendant as those in Pierce v. Eller, at this term, in which a motion to set aside a judgment was denied, and that case is decisive of this.
Affirmed.
Cited: Buncombe County v. Penland, 206 N.C. 305 (1c).